IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STARFISH TRANSPORTATION,
INC., an Illinois
Corporation; and STEVEN
CORDELL, an Individual,

             Plaintiffs,

      v.

THE BOARD OF EDUCTION OF THE
CITY OF CHICAGO; PATRICIA
HERNANDEZ, in her position
as Acting Chief Procurement
Officer; and CHARLES
MAYFIELD, in his position as
Chief Operating Officer,

             Defendants.

Case No. 22 C 6501

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

Plaintiff Starfish Transportation, Inc.'s ("Starfish") owner, Steven Cordell ("Cordell") is a convicted felon and fraudster. He pled guilty to a 2007 indictment charging him with fraudulently obtaining $2 million of Chicago Public Schools ("CPS") checks made payable to his employer and converting them to his own use. He also pled guilty to a 2008 indictment in which he was charged with check kiting involving more than $220,000. Furthermore, Cordell failed to appear as required for each of these criminal proceedings and was charged with the crime of bond jumping. He eventually

reached a plea agreement with the State of Illinois and pled guilty to the 2007 case and was sentenced to four (4) years in prison of which he served approximately one half. The record does not mention any restitution.

Prior and after his conviction Cordell has been involved in the "yellow bus" transportation business for private secular and parochial schools. He also has provided limited service to CPS for such things as field trips and after school programs but never for regular school busing. Starfish post-conviction continued to bid on CPS transportation contracts but has never been successful. In March 2017, Starfish filed an unsuccessful bid protest with CPS. At no time between 2016 and 2022 did CPS commence debarment proceedings against Starfish.

In 2022, the CPS requested proposals for student transportation services for a period of 1 year with two option periods of 1 year each. On April 25, 2022, Starfish submitted a proposal. In May 2022, CPS responded by letter to Starfish describing Starfish as a "qualified prospective contractor" and requested additional information about the number of buses it owned and of ability to utilize radio and GPS. Starfish timely responded.

In July 2022, CPS's Assistant General Counsel sent a proposed contract to Starfish requesting that it sign a PDF version. A week later Starfish returned the signed contract to CPS. However,

- 2 -

on July 12, 2022, CPS informed Starfish that it would not be moving forward with the contract. On July 26, 2022, Starfish filed a bid protest with CPS.

On September 20, 2022, CPS's acting Chief Procurement Officer ("CPO") executed and mailed to Starfish a Notice of Proposed Debarment ("NPD") which would prevent Starfish from being eligible to bid on CPS transportation matters. While CPS was considering debarment, it sought interim constraints which would terminate all existing contracts with Starfish and would bar it from being hired or employed by CPS. On September 30, 2022, Starfish timely filed a brief accompanied by exhibits opposing the NPD, which it supplemented on November 14, 2022, with an additional brief and argument.

On October 12, 2022, the CPO had a telephone conference with Starfish's attorney explaining the CPS's reasoning for the interim restraints and proposed debarment: the fraud conviction and Cordell's bond jumping. "The bottom line" as described by the CPO was that "he [Cordell] defrauded us."

On November 18, 2022, CPS instituted interim debarment measures which included prohibiting Starfish from "working on CPS property." Starfish contends that the prohibition on working on CPS premises prevented it from fulfilling its charter school busing contracts and would have the effect of putting Starfish out of business.

## II.  DISCUSSION

In response to the imposition of the interim restraints and contract withdrawal, Starfish filed this five-count civil complaint alleging violations of Section 1983.  To wit, 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Count I claims that preventing Starfish from entering CPS property to carry out its private contracts, constitutes a procedural due process violation because it deprives Starfish of a property interest.  Count II claims that the alleged rescinding of the 2022 busing contract constituted a procedural due process violation. Count III claims that the interim restrictions and the attempted debarment were in retaliation for Starfish's 2017 bid protest, violating Starfish's First Amendment rights.  Counts IV and V claim that CPS has no statutory or other authority to debar Starfish or to impose the interim measures to barring Starfish from servicing third parties.  The CPS has moved to dismiss each of the counts.

## A. Count I

Plaintiff contends that it has been denied procedural due process because its contracts with third parties require it to enter onto CPS property, presumably to pick up and drop of students. The Seventh Circuit has said that to demonstrate a procedural due process violation of a property interest, a plaintiff must have a protected property interest of which he is deprived. The problem with Starfish's claim is that it has no claim of right to the entry onto CPS's premises, and without a claim of right there can be no property interest. Plaintiff cites a fragmented opinion of the Supreme Court holding that an employer had a property interest arising from a collective bargaining agreement giving it the right to discharge an employee for cause. The Court held in *Brock v. Roadway Express,* 481 U.S.252 (1987), that this interest prevented the Secretary of Labor from ordering a reinstatement of the discharged employee under a federal law protecting whistleblowers, without providing notice and the right to a hearing. Thus, a federal agency used a federal law that affected private contractual rights. Here as Plaintiff concedes, it has no contractual or legal right to enter onto CPS property. Instead, it cites what it calls "incidental" right to access. Such

would not be a property right protected by the right to due process.

In any event Plaintiff was granted procedural due process in the CPS debarment process. The Chief Procurement Officer gave Starfish notice of the proposed interim constraints and gave Starfish the right to comment. Starfish took full advantage and filed multiple written legal briefs that included letters of recommendation from Plaintiff's clients. These procedures thus included notice and an opportunity to be heard which is all of the process that is due. *Blackout Sealcoating, Inc., v. Peterson,* 733 F3d 688,691 (7th Cir. 2018). The Motion to Dismiss Count I is granted.

## B. Count II

Count II is based on Plaintiff's allegation that CPS "rewarded and then revoked" its busing contract with Starfish. Because the contract had been awarded to Starfish, a protectable interest was created that could not be revoked without due process. However, Starfish was not awarded a contract by CPS. CPS sent it a proposed contract for review and signature that was to be returned to CPS for acceptance. It was withdrawn by CPS prior to acceptance. As CPS argues there is no constitutional right to receive a public contract, except under specific statutory directives not present here. Without a constitutional right to receive a contract there is no prospective property interest. *Kim Construction Co. v.*

*Village of Mundelein,* 14 F.3d 1243 (7th Cir. 1994). There being no property interest in a contract prior to award, the Motion to Dismiss Count II is granted.

## C. Count III

Count III alleges a claim of retaliation for the exercise of First Amendment rights. Specifically, Starfish, in 2017, filed a bid protest for CPS's refusal to award it a busing contract. However, a First Amendment retaliation claim must involve "a matter of public interest." Rather, in making a bid protest to CPS, Starfish was expressing a private grievance. Starfish felt that it should have been awarded a public contract. A bid protest is not public speech because Starfish's motive was to obtain a contract that was awarded to someone else. There are no allegations that the CPS was accepting bribes or committing other wrongful conduct in awarding the contract. The bid protest was not successful. The Supreme Court has defined a matter of public interest or concern as something "newsworthy," *i.e.,* a matter of general interest and of value and concern to the public at the time of publication. *City of San Diego v. Roe,* 543 U.S. 77, 83-84 (2004). A protest about a lost bid is not such a matter of public interest. Since the bid protest did not involve a matter of public interest, there is no need to decide whether the proposed debarring was in retaliation. Therefore, the Motion to Dismiss Count III is granted.

### D.  Counts IV and V

These two counts are related.  CPS filed debarment proceedings against Starfish to prevent it from bidding on future CPS contracts (Count IV) and adopted interim restraints, which among other things, interfered with Starfish's ability to meet its other contractual obligations (Count V).  Starfish contends that both of these actions were done without authorization of state law.  These two claims are therefore brought pursuant to the Court's supplemental jurisdiction.  However, as this Court previously held in denying a preliminary injunction:

> CPS also has the right to control access to its property.  Various portions of the school code allow the board to restrict access to students, employees, or other individuals.  105 ILCS 5/10-22.6, 105 ILCS 5/10-20.83, 105 ILCS 5/11-9.3.  Plaintiffs admit that CPS may restrict who enters its property but argue that when schools are open to the public, select individuals cannot be singled out for exclusion without a rational reason.  The Seventh Circuit has recognized that the general rule is that members of the public have no constitutional right of access to public schools.  *Vukadinovich v. Board of School Trustees of Michigan City Area Schools,* 978 F.2d 403, 409 (7th Cir. 1992).  Further, here, the board has provided a rational reason to bar Plaintiffs entry.  Plaintiff Cordell is a convicted felon.

Oral ruling February 22, 2023.

The Court has also found that the CPS has the right to control access to its property. 105 ILCS 5/10-22.6, 5/10-20.83, and 5/11-9.3.  Plaintiff claims however that CPS must have a rational reason to prevent access to it.  Starfish's owner is a convicted felon

- 8 -

and one of his victims was the CPS.  This is a rational reason to exclude Starfish as a CPS contractor.  For these reasons Counts IV and V are dismissed.

### III.  <u>CONCLUSION</u>

Starfish (Cordell) points out that his crimes were committed more than five years prior to the withdrawal of the busing contract and the imposition of the interim restraints and that he has not been in trouble since and has proved that he is rehabilitated.  He contends that the debarment harms the public by removing a competitive bidder from the bidding process and will have the unfortunate effect of putting Starfish out of business.  He points out the callousness of the CPS when its procurement officer stated that the CPS did not dispute or care that Plaintiff had been rehabilitated but since he defrauded the CPS, he would never do business with it again.  While there is some merit in Starfish's position regarding competition and reason to question CPS's position on rehabilitation, neither one offends the Constitution.

For the reasons stated herein, Defendants' Motion to Dismiss Counts I, II, III, IV, and V is granted.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 7/19/2023

- 9 -